IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ANDRE JACQUES LAMONT and ) | Case No. 04-62709 |
| MANON LANDRY LAMONT, ) | |
| ) | |
| Debtors. ) | |

MEMORANDUM OPINION

The Chapter 7 trustee filed motion to withdraw his previous notice of abandonment as to a mobile home, and also a motion to sell the mobile home. Debtors objected. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I find that the abandonment is now final, therefore, I will deny the trustee's motion.

FACTUAL BACKGROUND

On October 20, 2004, debtors filed a Chapter 7 bankruptcy petition. They scheduled several parcels of real estate and personal property including a 1995 Spirit Mobile Home, subject to a lien held by Union Planters Bank. On November 30, 2004, the trustee filed a "Notice of Trustee's Intent to Abandon Property" that stated that the trustee "intends to and will abandon all of his interest as trustee of this estate in the assets listed below, unless, within fifteen (15) days from the date of this notice, a creditor or other interested party files

a written objection and request for hearing."[1] No objections were filed to this notice of intent to abandon, and no other action was taken by the debtors, the creditors, or the trustee, until April 15, 2005, when the trustee filed a motion to sell the mobile home by private sale. On April 27, 2005, the trustee also file a motion to withdraw his notice of intent to abandon. The debtors have objected to both the motion to sell and the motion to withdraw the notice of abandonment, arguing that the mobile home has been abandoned and is now property of the debtors. The trustee contends no abandonment took place because no court order to that effect was ever entered or sought.

## LEGAL DISCUSSION

This appears to be an issue of first impression in this district. The question is whether under § 554(a) of the Bankruptcy Code it is necessary for the court or the trustee to take further action—other than the trustee's filing the notice of an intent to abandon and waiting 15 days for any objections—for the property to be deemed abandoned.

Abandonment of property is governed by § 554 of the Code, which states: "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."[2] This provision says nothing about a court order. By contrast, section 554(b) states: "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any

---

[1] Doc. # 29.
[2] 11 U. S. C. § 554(a).

2

property of the estate….".[3] This section comes into play if a trustee chooses not to abandon property and the debtor or another interested party believes the trustee should be compelled to do so. It stands to reason that if a court order were required under section 554(a) it could have easily been included in the language of the statute.

As shown, § 554(a) allows a trustee to abandon property "after notice and a hearing." That phrase does not, however, require that a court order be obtained or even that a formal hearing be held if no objection is filed. Section 102 reads as follows:

(1) "after notice and a hearing', or a similar phrase--
    (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
    (B) authorizes an act without an actual hearing if such notice is given properly and if--
        (i) such a hearing is not requested timely by a party in interest...[4]

Thus, nothing in the language of the statute requires a court order for a trustee's abandonment to be effective. There is no case law directly on point in the Eighth Circuit as to whether such order is nevertheless required. There is one case, *In re Vonderahe v. Polaniecki*,[5] from the Southern District of Ohio that states, "there can be no abandonment of estate property without a formal court order as long as the bankruptcy proceedings remain open."[6] However, in *Vonderahe* there was never any notice of an intent to abandon filed by the trustee; instead, the trustee had merely indicated that the asset had a zero value. Thus,

---

[3] 11 U. S. C. § 554(b).
[4] 11 U. S. C. § 102(1).
[5] 276 B. R. 856 (S. D. Ohio 2001).
[6] *Id.* at 860.

although the trustee's actions could have been some evidence of an intent to abandon, there had been no notice of that intent; therefore, as provided by § 554(b), a formal hearing and a court order was necessary. That is not the situation in the present case.

More persuasive is the case of *In re Bryson*.[7] In that case, the trustee filed an asset report stating that if no objections were made within fifteen (15) days, the report would be deemed accepted and any property listed would be deemed abandoned. No objections were filed. The case was closed and, subsequently, an unrelated lawsuit resulted in a $40,776.42 verdict for debtors. A creditor requested that the bankruptcy case be reopened to administer this money. The court held that the property was abandoned. "Once a trustee has notified parties of its intention to abandon property, the property is deemed abandoned unless a party in interest files an objection within 15 days of the mailing of the notice."[8] Thus, once the trustee files the notice of an intent to abandon, and the given period of time passes with no objection, the property is deemed abandoned. Therefore, based on the language of § 554(a), I hold that a court order is not necessary if a trustee has noticed his intent to abandon, with opportunity to object.

The trustee next contends that, based on the language of his notice, the abandonment could not become effective until a separate pleading was filed by him after the objection

---

[7] 53 B. R. 3 (M.D. Tenn. 1985).
[8] *Id.* at 4. *See also In re Terjen*, 154 B. R. 456 (E. D. Virginia 1993); *Barletta v. Tedeschi (In re Barletta)*, 121 B. R. 669 (N. D. N. Y. 1990); *In re Killebrew*, 888 F.2d 1516 (5th Cir. 1989); *First Mississippi Bank v. Adkins (In re Adkins)*, 28 B. R. 554 (N.D. Miss. 1983); *In re Prospero*, 107 B. R. 732 (C. D. Calif. 1989).

period had passed.

The only Eighth Circuit case that is close to being on point is *Colson v. Monteil (In re Colson)*.[9] In that case, the debtor had obtained a judgment against a third party in Missouri Circuit Court, but the trustee and the referee of the estate believed the judgment to be uncollectible and worthless. As a result, the trustee filed a supplemental report of exempt property. After the case was then closed, the judgment became collectible due to the third party's acquisition of real estate that was unforeseen at the time of the bankruptcy case. The creditor then tried to have the judgment included in the estate. The court, however, held that the trustee had evidenced his intent to abandon through filing the supplemental report, and that now that the case was closed it could not be reopened merely because the judgment had become collectible. Unlike *Colson*, this case is still open, but there is no question that the trustee has evidenced his intent to abandon the property through the notice filed stating that the trustee "intends to *and will* abandon"[10] the property in question.

The debtors also owned an apartment complex called Twin Oaks. As to this property the trustee filed a notice of an intent to abandon, then filed a motion requesting the court to shorten the time for objections to seven days. This motion was granted and no objections were filed. The trustee then filed a separate document related to Twin Oaks captioned "Trustee's Abandonment of Interest in Real Property."[11] However, merely because this

---

[9] 226 F.2d 614 (8th Cir. 1955).
[10] Doc. # 29 (emphasis added).
[11] Doc. # 36.

trustee took further action concerning other property in this estate does not prove that such further action is required. The notice of trustee's intent to abandon property, filed by the trustee, made clear that the property would be abandoned if no objections were filed.[12] And no objections were filed within the stated 15 days. Debtors and other parties are entitled to rely on the court record to that effect.

For that reason, generally speaking, abandonment is irrevocable. The only exception is if a property's value has been deliberately or fraudulently withheld from or misrepresented to the trustee.[13] The trustee has filed an affidavit stating that when the "Notice of Intent to Abandon" concerning the 1995 Spirit Mobile Home was entered, not all documents had been obtained from lenders.[14] The affidavit further states that on December 23, 2004, the trustee learned from Union Planters Bank that it did not actually have a valid lien on the 1995 Spirit

---

[12] *See generally In re Heil*, 141 B. R. 112 (N. D. Texas 1992) (holding that notice of a creditors meeting and an unintelligible statement made on tape at the creditors meeting was not sufficient notice); *In re Sire Plan*, 100 B. R. 690 (S. D. N. Y. 1989) (holding that a status report indicating the property at issue was without value was not sufficient notice, especially in light of the fact that holding otherwise would permit the debtor to profit from his fraudulent conduct); *Barletta v. Tedeschi (In re Barletta)*, 121 B. R. 669 (N. D. N. Y. 1990) (holding that the letter to debtor's attorney stating the trustee's intent to abandon was not sufficient notice); *In re Killebrew*, 888 F.2d 1516 (5th Cir. 1989) (holding that notice of creditors meeting and vague statements made at the meeting were not sufficient notice); *Riverside Memorial Mausoleum v. Umet Trust (In re Riverside Memorial Mausoleum, Inc.)*, 469 F. Supp. 643 (E. D. Penn. 1979) (holding that the trustee's failure to join in a diversity suit was not sufficient notice); *Mele v. First Colony Life Insurance (In re Mele)*, 127 B. R. 82 (D.C. 1991) (holding that when a trustee does not do a sufficient inquiry into the assets of a pending lawsuit, merely filing a "no asset" report does not prove that the trustee abandoned the assets).

[13] *In re Sutton*, 10 B. R. 737 (E. D. Virginia 1981).

[14] Doc. # 72.

Mobile Home. However, nothing in this affidavit, or in any other document presented to the court, indicates any kind of fraud or misrepresentation. The trustee appeasr to have abandoned the property based on the debtors' schedules,[15] which reflect a lien in favor of the bank. There is no evidence that this was an attempt at fraud or a misrepresentation on the part of the debtor, or of any representation at all made by the bank. In any event, the trustee was obligated to determine the validity of the lien prior to abandonment. His failure to do so is not a basis to revoke the abandonment. "It has been stated that abandonment is deemed irrevocable 'regardless of any subsequent discovery that the property had greater value than previously believed.'"[16] Therefore, merely because the property is more valuable than originally anticipated, or because the trustee later determines that a lien against it was not properly perfected, is not a basis to revoke the abandonment of it.

The trustee's request to withdraw the notice of intent to abandon the property will be denied. An order consistent with this memorandum opinion will be entered this date.

Dated: June 9, 2005                              /s/Arthur B. Federman

                                                 Bankruptcy Judge

---

[15] Doc. # 1.
[16] *Id.* at 740 (citation omitted).